IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RASHANDA ALMOND,

         Plaintiff,               15cv0699

                                        **ELECTRONICALLY FILED**

         v.

SUGARCREEK CARTAGE CO., INC.,
DONALD P. GIOVENCO,

         Defendants.

## MEMORANDUM ORDER RE: DEFENDANT SUGARCREEK CARTAGE CO. INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) (DOC. NO. 11)

### I. Introduction

Plaintiff, Rashanda Almond, brings this action against Donald Giovenco ("Giovenco") and Sugarcreek Cartage Co., Inc. ("Sugarcreek") for injuries allegedly sustained during a car accident when Almond's vehicle was struck from behind by a tractor-trailer owned by Sugarcreek and operated by Giovenco. Doc. No. 1. Plaintiff contends that Giovenco is liable for his negligent operation of the tractor-trailer and has asserted claims against Sugarcreek for their alleged negligent hiring, supervision, training, and entrustment of Giovenco, as well as pursuant to the doctrines of vicarious liability, *respondeat superior* and/or master/servant responsibility. Id.

Plaintiff is a resident of the state of Georgia and Giovenco is a citizen of the state of Ohio. Id. at ¶¶ 1, 3. Sugarcreek has its principal place of business in Sugarcreek, Ohio. Id. at ¶ 2. Jurisdiction is based upon diversity of citizenship and an amount of controversy in excess of $75,000.00, exclusive of interest and costs. Doc. No. 1, ¶ 4. Defendant Sugarcreek admits that it is vicariously liable for the acts and/or omissions of Giovenco and moves this Court to dismiss

independent negligence claims against the company that they contend are superfluous and cumulative, will result in the admission of impermissible and prejudicial character evidence against Giovenco, and risks confusing the jury. Doc. No. 11. Plaintiff wholly opposes this requested relief. Doc. No. 15. The matter is now fully briefed and ripe for disposition. Doc. Nos. 11-12, 15-16. After a review of Plaintiff's Complaint (Doc. No. 1), Sugarcreek's Motion to Dismiss (Doc. No. 11), and the associated documents, Sugarcreek's Motion will be DENIED.

## II. Statement of Facts

The following is a recitation of the facts of this case, which have been taken from Plaintiff's Complaint, and are taken as true solely for the purpose of this Memorandum Order:

On the afternoon of May 28, 2014, Plaintiff was operating a tractor-trailer in the right-hand lane of Interstate 70, westbound, in Washington County, Pennsylvania. Doc. No. 1, ¶ 8. The vehicle's hazard lights were engaged. Id. During this time, Giovenco was operating a tractor-trailer owned, leased, and maintained by Sugarcreek. Id. at ¶¶ 8-9. Giovenco was fatigued and/or in violation of the hours in service regulations and was traveling at a speed in excess of the speed limit while utilizing a hand-held cellular phone or other electronic devices. Id. at ¶ 10(c), (bb). Giovenco knew or should have known that he needed to change lanes to avoid a collision, but he failed to do so and drove into the rear of Plaintiff's tractor-trailer. Id. at ¶¶ 8-9, 10(f). Sugarcreek did not have reasonable and adequate guidelines for its drivers and failed to properly train Giovenco. Id. at ¶ 12. The company also failed to maintain the tractor-trailer in a condition fit for use on a public highway, including ensuring that driver distractions were minimized. Id.

As a result of the accident, Plaintiff has suffered permanent injuries, permanent cosmetic disfigurement, as well as severe physical pain, mental anguish, humiliation, embarrassment, and the loss of enjoyment of life. Id. at ¶ 15.

### III. Standard of Review

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

> *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a

reasonable expectation that discovery will reveal evidence of the necessary elements.  *Id.* at 556.

Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief.  *Twombly*, 550 U.S. at 563 n.8.

## IV. Discussion

Sugarcreek admits that it is vicariously liable for Giovenco's actions/omissions on May 28, 2014, and, as a result, argues that Plaintiff's claims for negligent hiring, training, supervision, and entrustment with respect to Giovenco must be dismissed.  Answer, Doc. No. 10, ¶ 5 ("It is admitted that Mr. Giovenco was acting within the scope and course of his employment with Sugarcreek Cartage at the time of the alleged accident"); Doc. No. 12, pgs. 4-8 ("Here, Sugarcreek Cartage concedes that Mr. Giovenco was operating the Sugarcreek Cartage tractor and trailer in the course and scope of his employment at the time of the accident and will be fully liable for the acts and/or omissions of Mr. Giovenco.")  At issue is the effect, if any, of the admission on Plaintiff's claims for negligence against the company.

Sugarcreek cites *Dempsey v. Bucknell University* as an example of a fellow District Judge who has dismissed a negligence claim (negligent hiring, supervising, and retention) when the agency relationship between employer and employee was admitted.  2012 WL 1569826, * 22 (M.D. Pa. May 3, 2012) (Kane, J.), *citing Holben v. Midwest Emery Freight Sys. Inc.*, 525 F.Supp. 1224, 1224-25 (W.D. Pa. 1981).   A review of the applicable case law, including *Dempsey*, reveals that the Court is not constrained to dismiss Plaintiff's negligence claims against Sugarcreek on a motion to dismiss based upon Sugarcreek's admission of vicarious liability for its employer, but is within the Court's discretion to do so.  Therefore, the Court's

inquiry is limited to whether Plaintiff has pled sufficient factual averments to support a claim of negligence against Sugarcreek.

Before reaching that inquiry, the Court notes that a plaintiff is not required to only pled claims that will eventually entitle it to recovery and/or limit claims to the smallest number that will permit recovery. Instead, the rules of federal practice encourage litigants to exhaust all claims and, conversely, explore all defenses in litigation. For example, mutually exclusive claims are permissible as litigants may plead causes of action in the alternative. Federal Rule of Civil Procedure 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency.") Plaintiff has the ability to pursue this litigation based upon any theory of law that is supported by the factual averments contained in the pleadings. The Court finds that Plaintiff, in her Complaint, has set forth facts that plausibly give rise to an entitlement for relief for Sugarcreek's negligent hiring, supervision, training, and entrustment of Giovenco.

Any risk of the admission of "superfluous" or "inadmissible" evidence that may create "significant prejudice to the employee," identified by Sugarcreek, along with the need to conserve the time and resources of the Court and Parties, is mitigated by the early stage of this litigation, and the ability of the Parties to both add claims and defenses (including a viable claim for punitive damages, which would affect the present Motion) and choose to dismiss the same. The Court encourages the Parties to continue to work together to streamline their disputes, but Sugarcreek's admission does not outweigh Plaintiff's right to advance multiple (even inconsistent) claims, including an independent claim for negligence. Sugarcreek can re-raise this issue at a later time via an appropriate motion after the close of discovery, which more closely aligns with the procedural posture of the cases cited by the Company.

**V. Conclusion/Order**

AND NOW, this 19th day of August, 2015, IT IS HEREBY ORDERED THAT

Sugarcreek's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) is

**DENIED**.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:    All Registered ECF Counsel and Parties